IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICK MINOR, | § § | |
| *Plaintiff,* | § § § | SA-20-CV-00405-OLG |
| vs. | § § § | |
| CHILD PROTECTIVE AGENCY (CPA), CATHERINE LOPEZ, CASE WORKER, CHILD PROTECTIVE AGENCY; THE TOP HEAD MANAGEMENT OF CPA, CASE WORKER LAQUITA, CHILD PROTECTIVE AGENCY; | § § § § § § § § | |
| *Defendants.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint, filed March 31, 2020 [#1]. The motion was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motion, Plaintiff seeks leave to proceed in forma pauperis ("IFP") based on his inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP but order Plaintiff to file a more definite statement before ordering service on Defendants.

## **I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed and has no other source of income.  The information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's Complaint sues the Child Protective Agency and various individuals who work at the Agency. (Compl. [#1-1].)  Plaintiff alleges that Defendants are wrongfully denying him custody of his grandchildren.  Plaintiff seeks an order returning his grandchildren to his custody and $100,000 in damages for the emotional suffering the actions of Defendants have caused him.

This Court has previously addressed an almost identical lawsuit filed by Plaintiff's daughter, Tameka S. Minor.  *See* Cause Number 5:19-cv-00946-XR-ESC.  As the Court explained in its order on Ms. Minor's application to proceed IFP in that case, the Court construes Plaintiff's Complaint as a suit against the Texas Department of Family and Protective Services' Child Protective Services Department ("DFPS"), as this is the legal entity responsible for

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

investigations into child abuse and neglect and the placement of children into foster care. Moreover, the San Antonio office of DFPS is located at the address listed for the named Defendants in Plaintiff's Complaint. *See* DFPS Office Locations for Region 8—San Antonio, available at https://www.dfps.state.tx.us/Contact_Us/locations.asp?r=8 (last visited August 9, 2019).

Also, as with Ms. Minor's case, the Court has identified several issues with Plaintiff's allegations, which may be complete bars to his claims. Most importantly, federal courts generally do not have jurisdiction over domestic child-custody disputes or child-removal orders. To the extent that this is an attempt to obtain judicial review of a state custody decision, this case would be barred by the *Rooker-Feldman* doctrine. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). To clarify the factual allegations underlying Plaintiff's lawsuit, the Court will order Plaintiff to file a more definite statement within 21 days of this Order to clarify his allegations against Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. However, <u>service upon Defendants should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that **within 21 days of this Order (on or before April 23, 2020)**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court. In this More Definite Statement, Plaintiff should respond to the following questions:

(1) Please list each individual Defendant you are suing. What specific actions did each of these Defendants take with respect to the removal of your grandchildren and/or towards you? How, if at all, did those actions harm you or your grandchildren?

(2) When were your grandchildren removed? Who promised they would be returned?

(3) Have there been any hearings of any kind regarding the removal? If so, when did they occur and before what agency or in what court?

(4) Was there a state lawsuit regarding the removal of your grandchildren? If so, is the state court lawsuit over?

Plaintiff shall attach to his more definite statement any state court documents or orders pertaining to the removal of his grandchildren and include the following declaration at the end of his more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this day of 2020.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement,

he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 2nd day of April, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE