IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICK MINOR, | § | |
| | § | |
| *Plaintiff,* | § | SA-20-CV-00405-OLG |
| | § | |
| vs. | § | |
| | § | |
| CHILD PROTECTIVE AGENCY (CPA), | § | |
| CATHERINE LOPEZ, CASE WORKER, | § | |
| CHILD PROTECTIVE AGENCY;  THE | § | |
| TOP HEAD MANAGEMENT OF CPA; | § | |
| CASE WORKER LAQUITA, CHILD | § | |
| PROTECTIVE AGENCY; | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the review of the pleadings pursuant to 28 U.S.C. § 1915(e).  All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.  The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that Plaintiff's Complaint be dismissed because Plaintiff fails to state a claim upon which relief may be granted.

**I. Procedural Background**

Plaintiff Patrick K. Minor, proceeding *pro se*, filed this action on March 31, 2020.  The motion was automatically referred to the undersigned upon filing, and the undersigned has authority to enter all non-dispositive orders in this case pursuant to 28 U.S.C. § 636(b)(1)(A). The Court granted Plaintiff the right to proceed *in forma pauperis* ("IFP") but ordered Plaintiff to

file a more definite statement clarifying the factual allegations asserted in this lawsuit [#3]. Plaintiff timely filed the ordered more definite statement [#5].  The Court now undertakes a review of the pleadings to determine whether service of Plaintiff's Complaint on the named Defendants in this action is warranted.

## II. Analysis

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[1]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's Complaint sues the Child Protective Agency, Catherine Lopez and "Laquita" (case workers at the Child Protective Agency), and unnamed "top head management" of the Child Protective Agency.  (Compl. [#4].)

The Court construes Plaintiff's Complaint as a suit against the Texas Department of Family and Protective Services' Child Protective Services Department ("DFPS"), as this is the legal entity responsible for investigations into child abuse and neglect and the placement of children into foster care.  Moreover, the San Antonio office of DFPS is located at the address listed for the named Defendants in Plaintiff's Complaint.  *See* DFPS Office Locations for Region 8—San Antonio, available at https://www.dfps.state.tx.us/Contact_Us/locations.asp?r=8 (last visited April 27, 2020).

---

[1] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

Plaintiff alleges that Defendants are wrongfully denying him custody of his grandchildren, in that he and his wife were told that their grandchildren would be returned to their home and to their care after the "two adult persons living with [him]" moved out. (Compl. [#4] at 4.) Plaintiff asserts a due process claim under the Fourteenth Amendment to the U.S. Constitution pursuant to 42 U.S.C. § 1983. (*Id.* at 3.) Plaintiff seeks an order returning his grandchildren to his custody and $100,000 in damages for the emotional suffering the actions of Defendants have caused him. (*Id.* at 5.)

Plaintiff's More Definite Statement provides the Court with additional facts pertinent to Plaintiff's claims. Plaintiff alleges that his grandchildren were taken from him in May 2018 by Defendants due to a false accusation of abuse against his daughter, Tameka S. Minor, when there was never a medical opinion that abuse occurred or any such evidence presented in the state-court removal hearing. (More Definite Statement [#5] at 1, 5–6.) Plaintiff also reiterates that a case worker told him the children would be returned after the two adults moved out of the home. (*Id.* at 14.) According to Plaintiff, Defendants removed his grandchildren from his home before ever securing a court order to do so but Plaintiff also refers to a state court hearing in November 2017. (*Id.* at 7.) Finally, Plaintiff alleges that Defendant coerced Ms. Minor into giving up her parental rights by badgering her in the courthouse lobby to sign over her kids to the State of Texas. (*Id.*)

This Court has previously addressed an almost identical lawsuit filed by Ms. Minor against the same Defendants, but in that lawsuit Plaintiff alleged the removal of her children in May 2017, not May 2018. *See* Cause Number 5:19-cv-00946-XR-ESC. The timeline recited in Ms. Minor's lawsuit makes more sense, in light of the reference in this lawsuit to the November 2017 court hearing. Ms. Minor's case was dismissed for failure to state a claim because

Plaintiff's lawsuit was filed after the expiration of the two-year statute of limitations governing claims under Section 1983 and the District Court concluded that the substance of Ms. Minor's claims, which challenged a state-court custody order, were likely barred by the *Rooker-Feldman* doctrine.

Before addressing limitations and *Rooker-Feldman*, the undersigned addresses legal defects with respect to the parties named in this suit. DFPS, as a state agency, enjoys sovereign immunity from suit. "Sovereign immunity is a pre-constitutional guarantee that states cannot be subject to suits by their own citizens without their consent." *Solis v. Texas*, 488 Fed. App'x 837, 839 (5th Cir. 2012) (citing U.S. Const. amend. XI; *Alden v. Maine*, 527 U.S. 706, 712–13 (1999)). The Eleventh Amendment of the United States Constitution has been interpreted to reflect the fundamental principle of sovereign immunity and to preclude suits against a state government by citizens of that state unless the state has waived its immunity or Congress has abrogated that immunity. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–73 (2000). This protection extends to state agencies and state departments and applies regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Texas has not waived its immunity from suit as to DFPS, meaning it has not made an exception from the State of Texas's general Eleventh Amendment immunity to allow suits against DFPS in federal court. *See Valdez v. Tex. Dep't of Family & Protective Servs.*, No. 5:14-1056-RCL, 2015 WL 4395404, at *2 (W.D. Tex. July 15, 2015). Plaintiff therefore cannot sue DFPS, a state agency, for violations of due process and equal protection under Section 1983. *See, e.g.*, *Wauson v. Tex. Dep't of Family & Protective Servs.*, No. A-08-CA-051-SS, 2008 WL 11419033, at *2 (W.D. Tex. July 28, 2008) (applying immunity doctrine to bar claims constitutional claims against

DFPS).  DFPS is also not a "person" subject to suit under Section 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

Plaintiff also names a number of individual DFPS case workers as defendants in his Complaint, but it is unclear whether they are being sued in their official or individual capacities. State officials may be sued in their official capacities for injunctive or declaratory relief under Section 1983, but not for monetary damages.  *Ex Parte Young*, 209 U.S. 123, 159–60 (1908). Plaintiff's lawsuit seeks an order returning his grandchildren to his custody and $100,000 in damages for the emotional suffering the actions of Defendants have caused him.  (Compl. [#4] at 5.)  Plaintiff cannot sue individual officers of DFPS in their official capacities for monetary damages.  *Ex Parte Young*, 209 U.S at 159–60.  Plaintiff has also failed to allege any specific actions taken by any individually named DFPS worker to proceed against these Defendants in their individual capacities.  *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (explaining that a plaintiff must allege specific facts to subject individual defendants to liability for the constitutional deprivation at issue).

Regarding the requested injunctive relief, as the Court found in Ms. Minor's suit, Plaintiff's claims in this case are also likely barred by the governing statute of limitations and the *Rooker-Feldman* doctrine.  Civil rights claims brought under 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for tort claims, which in Texas is two years.  *Clyce v. Butler*, 876 F.3d 145, 148 (5th Cir. 2017).  Plaintiff complains of the removal of his grandchildren in May 2018, but Ms. Minor's lawsuit referenced a May 2017 removal date pertaining to the same custody issue.  As previously noted, the state-court lawsuit regarding the removal is listed in Plaintiff's More Definite Statement as occurring in November 2017.  The only other date referenced in Plaintiff's pleadings is a 2019 statement promising the return of

Plaintiff's grandchildren in 2019 by a social worker named Malenia, who is not a named Defendant in this lawsuit. Plaintiff's lawsuit is essentially challenging a state-court child custody order that resulted in the loss of custody and the termination of parental rights in connection with a 2017 state court proceeding. Because Plaintiff's lawsuit was filed in March 2020, it is barred by the two-year statute of limitations.

Additionally, to the extent that this is an attempt to obtain judicial review of a state custody decision, this case would be barred by the *Rooker-Feldman* doctrine. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Under the *Rooker-Feldman* doctrine, an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine establishes that a federal court lacks subject matter jurisdiction when issues in federal court are "inextricably intertwined" with a final state court judgment. *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995). The Fifth Circuit has repeatedly recognized that the *Rooker-Feldman* doctrine is "narrow" and only applies when "the plaintiff seeks the review and rejection of a state court judgment." *Saloom v. Tex. Dep't of Family & Child Protective Servs.*, 578 Fed. App'x 426, 428–29 (5th Cir. 2014). Therefore, there are some circumstances in which a federal lawsuit would not be barred under *Rooker-Feldman*, such as where the alleged injuries were caused by the defendant's actions rather than the state court judgment. *Id.* (finding lawsuit not jurisdictionally barred where plaintiff challenged initial seizure of her son and an allegedly unnecessary sexual assault performed upon him).

There are some facts alleged by Plaintiff in this lawsuit that could be construed as causing injury separate and apart from the state court custody determination.  Plaintiff alleges Defendants removed his grandchildren without a court order, for example.  Yet, in other parts of Plaintiff's pleadings he is clearly challenging the state court judgment.  For example, Plaintiff complains of the state court finding of abuse, despite the lack of medical evidence confirming the same.

Ultimately, however, even if this case was not barred by limitations and *Rooker-Feldman*, an additional legal defect would likely be fatal to Plaintiff's claim. Plaintiff, as the grandfather and not the parent of the children allegedly removed without cause from his home, has filed this case on his own behalf and not on behalf of his daughter due to her incapacitation or other basis.  Plaintiff does not allege he had legal custody or parental rights over the children, only that they were living in his home.  Plaintiff's lawsuit makes repeated allegations about the termination of parental rights of his daughter, Ms. Minor; Defendants' coercion of her to relinquish those rights; and the unfavorable determinations against her due to findings of abuse. Plaintiff's pleadings do not inform the Court whether Plaintiff and his wife were even parties to the state court proceedings, whether they have ever had legal custody over their grandchildren, or any other facts related to a custodial relationship in the past.  The facts as alleged in Plaintiff's pleadings do not provide the Court with sufficient information to determine that Plaintiff has stated a non-frivolous claim such that Plaintiff's Complaint should be served upon Defendants.

### III.  Conclusion and Recommendation

Having considered Plaintiff's Complaint and More Definite Statement under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends Plaintiff's claims be **DISMISSED**.

## IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 6th day of May, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE